**TINDLE et al. v. HEINER, Collector of Internal Revenue.**

District Court, W. D. Pennsylvania. June 20, 1928.

No. 3432.

Internal revenue ⬡⇒7(19)—Value of house, when abandoned as residence and leased, exceeding its subsequent value March 1, 1913, difference between latter value and subsequent sale price is deductible from owner's gross income for year of sale.

For purpose of income tax, one who in 1901 abandoned his residence as such and leased it for profit, and in 1920 sold it, is entitled to deduction from his gross income for 1920 of the difference between the sale price and its greater value on March 1, 1913; its then value being less than in 1901.

At Law. Action by James R. Tindle and another, coexecutors of Philander C. Knox, deceased, against D. B. Heiner, Collector of Internal Revenue. Judgment for plaintiffs.

James Walton, of Pittsburgh, Pa., for plaintiffs.

John D. Meyer, U. S. Atty., of Pittsburgh, Pa., and John A. McCann, Sp. Atty., C. M. Charest, General Counsel, and T. H. Lewis, Jr., Sp. Atty., Bureau of Internal Rev., all of Washington, D. C., for defendant.

THOMSON, District Judge. This case is before the court for a new trial. I shall endeavor in my conclusion to be guided strictly by the opinion of the Supreme Court, reversing the judgment, as I understand that opinion, concerning myself with no other question of fact than that submitted for determination. Let us see the exact situation.

The Supreme Court, in its opinion (48 S. Ct. 326, 72 L. Ed. ——), held:

First. That the purpose to use the property as a residence came to an end when it was leased in 1901, and from that date until it was sold it was devoted exclusively to the production of a profit in the form of rent values.

Second. It is not questioned that, in case of a property acquired by gift, bequest, or devise, where market value at the time of acquisition, and not cost, is necessarily the basis of computing the tax, the difference between the market value at the time of acquisition (after March 1, 1913), and the sale price, is deductible under subsection a–5.

Third. That for the purpose of computing the loss in this particular transaction it must stand on the same footing as losses resulting from a similar use of property acquired by gift or devise, and that whenever needful the fair value of the property at the time when the transaction for profit was entered into may be taken as the basis for computing the loss.

Fourth. That the transaction entered into for profit, which resulted in loss, was not the purchase of the property, but its appropriation to rental purposes, and that the loss occurred in the sale of the property so used.

Fifth. That the only loss deductible here is that incurred in the transaction entered into for profit, later than the date of the purchase, and that, from all that appears in the findings, the loss which had occurred between the date of purchase and March 1, 1913, may have occurred before the property was devoted to rental purposes, and for that reason the findings do not support the judgment. The cause was, therefore, remanded for a new trial, so that the court may find the value of the property when rented, October 1, 1901.

Sixth. We were then instructed that, if that value is larger than the value of March 1, 1913, the deduction made by the taxpayer should be allowed; if less, only the difference, if any, between its then value, and the sale price should be allowed.

The elucidation of the reasons supporting this conclusion in the Supreme Court's opinion is so clear that there appears no reasonable ground for misapprehension, no excuse for wandering into strange fields.

The court has heretofore found that the fair market value of the property on March 1, 1913, was $120,000; this finding being based on sufficient evidence. Under the testimony offered and all the facts surrounding the case; the cost of the property in 1888, $172,000.00; the fact that the chief cost was in the buildings, the land cost being only $16,400; the fact that the land was steadily increasing in value because of its location, the improvements on the property, and the general improvement in the neighborhood, while the value of the buildings was steadily decreasing, perhaps about 2½ per cent. per annum, because of the natural deterioration, and resulting depreciation in value; the steadily decreasing rental value of the property from 1901 to 1913, and beyond, and the value of the property, $120,000, in 1913— all these facts, taken into consideration with

others, which might be mentioned, induces the conclusion that the value of the property on October 1, 1901, was much greater than on March 1, 1913, such value being estimated and found by the court to be $140,000.

### Finding of Fact.

I find as a fact that the fair value of the property here in question, on October 1, 1901, was greater than that on March 1, 1913, and I estimate and find that value to be $140,000.

### Conclusion of Law.

I find as a conclusion of law that plaintiff is entitled to a judgment against the defendant in the amount sued for, as set forth in the statement of claim, together with costs and interest, subject, however, to adjustment and modification in the amount of $4,863.04, which has already been refunded to the plaintiff, and such further adjustment as results from revising or correcting the loss on the sale of the former residence, from $47,-000 to $46,293.21.

A formal order for judgment to that effect will be signed when presented.